UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SANA MAHBOOB,                                                                    Civil Docket No.
                                                                                1:21-cv- 06418-WFK-JRC
                                      Plaintiff,

              -against-


FOOD FIRST FAMILY PROJECT, INC. and
NEW START DEVELOPMENT LLC,

                                      Defendants.
-------------------------------------------------------------------X



# MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT MOTION

**THOMAS M. DESIMONE, ESQ.**
**Thomas M. DeSimone (0756)**
**14 Wall Street 20th Floor**
**New York, New York 10005**
*Counsel for Defendants*
*Food First Family Project Inc.*
*and New Start Development LLC*
*(914) 216-3322*
*tmdesimone@gmail.com*

Date of Service: February 12, 2024

## TABLE OF CONTENTS

Page

ARGUMENT SUMMARY.................................................................. 1

PROCEDURAL HISTORY................................................................3

STATEMENT OF FACTS.................................................................3

ARGUMENT...................................................................................4


I       PLAINTIFF WAS AN EMPLOYEE AT WILL AND ACCORDINGLY
FOOD FIRST FAMILY PROJECT, INC. AS HER EMPLOYER HAD
THE RIGHT TO TERMINATE PLAINTIFF'S EMPLOYMENT
WITHOUT CAUSE OR NOTICE

      A)  Eastern District Holdings................................................7

      B)  Application of Law To Existing Facts.................................8

      C)  New Start Development Has No Nexus With The Case.............9


CONCLUSION.................................................................................9

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. City of Yonkers,* 803 F. Supp. 679 (S.D.N.Y. 1992).....................................

*Arledge v. Stratmar Systems,* 948 F.2d 845 (2nd Cir. 1991).....................................

*Cole v. Kebs & Draft Advertising,* 921 F. Supp. 220 (S.D.N.Y. 1996)..........................

*Davise v. Target Corp.,* 14-cv-420 (E.D.N.Y. 2014)...............................................

*Epifani v. Johnson,* 65 A.D.3d 224 (2nd Dep't 2009)..............................................

*Gencarelli v. Cablevision,* 10-cv-04092 (E.D.N.Y. 2012).........................................

*Horn v. NY Times,* 100 N.Y.2d 85 (2003)..........................................................

*Hunter v. Kaufman Enters, Inc.,* 09-cv-5540 (E.D.N.Y. 2011)...................................

*Ingle v. Glamore Motor Sales,* 73 N.Y.2d 183 (1989).............................................

*James v. Board of Ed.,* 37 N.Y.2d 891 (1975)......................................................

*Martin v. NY Life Insurance Co.,* 148 N.Y. 117 (1895)............................................

*Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293 (1983)..................................

*O'Connor v. Eastman Kodak,* 65 N.Y.2d 293 (1985)..............................................

*Sabetay v. Sterling Drug,* 69 N.Y.2d 329 (1987)…………………………………………………

*Thanley v. Turtell,* 289 A.D.2d 169 (1st Dep't 2001)…………………………………………..

*Weiner v. McGraw-Hill Inc.,* 57 N.Y.2d 458 (1982)…………………………………………...

*Wieder v. Skala, 80 N.Y.2d 759 (1992)…… … … … … … … … … … … … … … … … … … … .....*

ii

## ARGUMENT SUMMARY

Defendant Food First Family Project, Inc. ("Food First") operated a shelter in Brooklyn for victims of domestic violence pursuant to five (5) year contract with the City of New York. In or around February/March 2018, Plaintiff Sana Mahboob as hired as a "Case Aide" to provide assistance to residents of the shelter.

Significantly, Ms. Mahboob was not hired pursuant to a written contractual agreement nor was she part of a collective bargaining agreement or have any express limitations or protections regarding her employment. Consequently, under New York Law, Plaintiff's employment is and was irrefutably characterized as an "employment at will".

Early in 2020, Food First along with the rest of the world was confronted by the challenges presented by the Covid-19 pandemic. In an effort to be proactive as well as protect its employees and residents, Alfred Thompson the Chair of Food First issued a staff-wide memo outlining the steps to be taken in a continuing effort to make everyone as safe as possible. This included moving desks to increase and maximize the distance between employees as well as a number of other safety measures which were to be immediately implemented.

The memo also stressed that anyone feeling ill should stay home and seek medical attention. Food First felt so strongly about this situation that the memo stated that any employee out sick as a result of contracting the Coronavirus would have their sick time extended and increased by two (2) to four (4) weeks depending upon the actual amount of time lost.

In between this memo the State of New York issued two (2) Executive Orders from the Governor's office declaring the pandemic to be a state-wide disaster and directing employers to have as many of their employees work remotely from home as possible. Given that Food First

was running a shelter providing twenty-four-hour service to its residents on site, this was simply not possible.

On Thursday, March 19, 2020 Plaintiff woke up feeling feverish and exhibiting flu-like symptoms. Ms. Mahboob called her Supervisor, Qudsia Chaudhary, the Director of the Shelter informing her that she was too sick to work with Ms. Chaudhary agreeing that she should stay home.

The following day, Friday March 20, 2020---the very same day that Governor Cuomo issued Executive Order 202.8---declaring the pandemic a "disaster", Plaintiff woke up feeling "not great" however elected to report for work that day for her scheduled shift starting at 4:00 pm.

Upon her arrival, Plaintiff told her coworkers she was still not feeling well and exhibited objective signs of flu-like symptoms which troubled her coworkers and caused Ms. Chaudhary to direct her to leave the shelter.

Plaintiff refused to leave despite ultimately being directed to do so by both of her supervisors at the shelter, Kim Crawford as well as Qudsia Chaudhary. Ms. Mahboob further misrepresented to Kim Crawford that she received approval to stay from the Director Qudsia Chaudhary who was ending her workday as Plaintiff was arriving at 4:00 pm.

Ms. Chaudhary was still in the parking lot when she was contacted by Kim Crawford and informed about Plaintiff claiming that Chaudhary authorizing her continued presence. Upon learning this Ms. Chaudhary returned to the building to advise to both Kim Crawford and Ms. Mahboob, of this misrepresentation and that she had made no such authorization.

By this point, other employees were contacting Human Resources to complain about Sana Mahboob refusing to leave the shelter despite showing obvious, tangible signs of a physical

2

illness. Plaintiff continued to refuse to leave despite clear directives to the contrary from her superiors at the shelter.

Finally, Ms., Mahboob was informed that if she did not immediately depart the premises the New York City Police would be called. It was only then that Plaintiff left the shelter at 4:48 pm Friday March 20, 2020.

It was thereafter decided that Ms. Mahboob's continued insubordination mandated dismissal and she was terminated by Food First on March 28, 2020.

As Ms. Mahboob was an "employee-at-will" this termination was fully lawful and under the circumstances was also, inarguably done for "cause".

Given that the Plaintiff's termination was a lawful act, the within motion for Summary Judgment should be granted in its entirety.

## **PROCEDURAL HISTORY**

Paragraphs 2-5 of Defendants Rule 56.1 Statement provides the procedural history.

## **STATEMENT OF FACTS**

Defendants repeats and reasserts the undisputed factual statements asserted in its Rule 56.1 Statement.

## ARGUMENT

**PLAINTIFF WAS AN EMPLOYEE AT WILL AND ACCORDINGLY FOOD FIRST FAMILY PROJECT, INC. AS HER EMPLOYER HAD THE RIGHT TO TERMINATE PLAINTIFF'S EMPLOYMENT WITHOUT CAUSE OR NOTICE**

In New York law an employment at-will is a judicially created common law rule that absent an agreement establishing a fixed duration allows an employment relationship to be terminated at any time by either party. *Cole v. Kobs & Draft Advertising,* 921 F. Supp. 220 (S.D.N.Y. 1996); *See also; Sabetay v. Sterling Drug Inc.,* 69 N.Y.2d 329 (1987); *Allen v. City of Yonkers,* 803 F. Supp. 679 (S.D.N.Y. 1992); *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293 (1983); *Thanley v. Tartell,* 289 A.D.2d 169 (1st Dep't 2001).

The common rule can be traced back to the late 19th century and was first addressed by the New York Court of Appeals pursuant to their decision in *Martin v. NY Life Insurance Co.,* 148 N.Y. 117 (1895). *Weiner v. McGraw-Hill Inc.,* 57 N.Y.2d 458 (1982); *Horn v. NY Times,* 100 N.Y.2d 85 (2003).

This ruling, which remains intact as the applicable law to this very day, paved the way for more than a century of Court decisions making it abundantly clear that absent a constitutionally impressible purpose, statutory prescription, or express limitation in the individual contract of employment, an employer's right to terminate at any time remains unimpaired. *Epifani v. Johnson,* 65 A.D.3d 224 (2nd Dep't 2009) *quoting Murphy v. American Home Products, 58 N.Y.2d 293 (1983).*

4

In *Murphy,* the New York State Court of Appeals held that in an employment at-will situation there is no implied obligation of good faith and fair dealing because those legal concepts are simply incongruous. *Murphy at* 304.

The Court went on to explain that because of the principles articulated above, there is no cause of action sounding in tort under New York Law for abusive or wrongful discharge of an at-will employee. *id at* 303.

Accordingly, an at-will employee is not permitted to evade or permit a subversion of the traditional at-will contract rule by casting their cause of action in terms of a tort like the intentional infliction of emotional distress. *id.*

Consequently, this means that there is no cause of action for abusive or wrongful discharge that can be thereafter bootstrapped to a claim for improper termination. *Sabetay v. Sterling Drug,* 69 N.Y.2d 329 (1987); *James v. Board of Ed.,* 37 N.Y.2d 891 (1975); *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293 (1985).

The stated purpose and consistent thread through these decisions is that New York Courts will not permit a plaintiff from evading the boundaries set in place by employment at-will by recasting their cause of action in the garb of tortious interference with employment. *Ingle v. Glamore Motor Sales,* 73 N.Y.2d 183 (1989).

The holding by the New York State Court of Appeals in *Ingle* is wholly consistent with the underlying principle that absent a contract for a definite period of employment or other limitation upon an employer's unqualified right to discharge an employee at-will at any time and for any reason is premissible. *id at* 188, 189.

Federal Courts in applying New York law have adopted and upheld these longstanding legal principles as reflected in the Second Circuit Court of Appeals decision and holdings in *Arledge v. Stratmar Systems,* 948 F.2d 845, 847 (2nd Cir. 1991).

In *Arledge,* after acknowledging that New York is an employment at-will state noted that an employer has the right to terminate an employment at-will at any time and for any reason—or, if they so desire, for no reason at all. *id at* 848.

The *Arledge* Court cited to the longstanding common law rule and further noted that the rule applies to contracts of employment or exclusive agency, distributorship or requirements contracts which have been analogized to employment contracts. *id.*

The Court further found that these rules and principles even apply to an independent contractor relationship because that relationship is significantly analogous to an employment contract to bring it within the purview of the at-will rule. *id.*

The only possible limitation to these principles is that they can be so limited by an express agreement with the employee or in a collective bargaining situation where the employee is a beneficiary. *O'Connor v. Eastman Kodak,* 65 N.Y.2d 724 (1985); *Murphy v. American Home Prod. Corp.,* 58 N.Y.2d 293 (1983).

The rationale behind such holdings is where employment is offered on an at-will basis an employee will generally be unable to establish reasonable reliance on prospective employers which is a necessary element to the recovery of damages and consequently an employer's right to terminate an employee at-will remains unimpaired and beyond the purview of such litigation. *Epifani at* 230.

The Court of Appeals has also pointed out the level of threshold an employee is required to meet to fall outside the purview of employment at-will is quite onerous noting that the

6

employee must show express agreement limiting an employers unfettered right to fire an employee otherwise the cause of action fails as a matter of law. *Weider v. Skala,* 80 N.Y.2d 759 (1992).

The *Weider* Court found that it would be incongruous to say that an inference may be drawn that an employer impliedly agreed to a provision that would be so destructive to its right of termination to the point where any such inference is disallowed. *Weider at* 633, 634.

### A) Eastern District Holdings

A review of recent decisions from the Eastern District of New York reflects the unchanged status in applying these long-standing principles of law.

In *Davise v. Target Corp.,* 14-cv-420 (E.D.N.Y. 2014), this Court reiterated the underlying foundation of New York Courts application of employment at-will by stating that an at-will employment may be terminated at any time by either party for any reason or even for no reason at all. *Davise at* 5. The Court also noted that this principle is so embedded into the fabric of New York jurisprudence that New York does not even recognize the tort of "wrongful discharge". *id.*

Similarly, in *Gencarelli v. Cablevision Sys. Corp.,* 10-cv-04092 (E.D.N.Y. 2012), this Court found that the burden falls on the employee to rebut the presumption of an at-will employee by establishing express limitation in the individual contract of employment curtailing the right to terminate at-will; a very difficult burden to satisfy. *Gencarelli* at 3, 4. *See also; Hunter v. Kaufman Enters Inc.,* 09-cv-5540 (E.D.N.Y. 2011) "a very difficult pleading burden".

Over 125 years of New York jurisprudence has reinforced the long-standing legal principle that in an employment at-will situation, absent a constitutionally impermissible purpose, a statutory proscription or an express limitation in the individual contract of employment, an employer's right to terminate an employment at-will remains unimpaired. *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293 (1983).

**B) Application of Law to Existing Facts**

Applying the foregoing principles to the case at bar leads to the irrefutable conclusion that Defendant Food First was well within their rights to terminate Plaintiff Sana Mahboob's employment at-will.

Plaintiff's employment was not pursuant to a written contract or collective bargaining agreement nor were there any limitations on the at-will employment relationship all of which the Plaintiff herself admitted under oath were in existence at the time. *See Mahboob Deposition II at 56.*

Further, an examination of the record renders it beyond cavil that Plaintiff Sana Mahboob was insubordinate to not one but both of her supervisors on March 20, 2020. Both Qudsia Chaudhary and Kim Crawford directed Ms. Mahboob to vacate the premises and she flatly refused---on multiple occasions. This is objectively verified by the fact that Ms. Mahboob did not leave until 4:48 pm (again, uncontested) and only when told that Food First was going to get the New York City Police Department involved to guarantee her departure and allow for the preservation of the health of both Plaintiff's co-workers as well as residents of the shelter.

**C)  New Start Development LLC has no Nexus with the Case**

It is not contested that at all relevant times Plaintiff was employed by Food First as were both her Supervisors, Kim Crawford, and Qudsia Chaudhary. Further, no employees of New Start were assigned to the shelter in any capacity during the time Ms. Mahboob was employed by Food First.

Both of her supervisors were employed by Food First and at no time did plaintiff ever testify—at either deposition, that she was employed and/or received instruction from any New Start personnel at any point during the time she worked at the shelter.

Alfred Thompson is the Principal for New Start is also the Chair for Food First testified that they are two completely separate and distinct entities. Thompson Deposition at 25, 26. Each organization also has completely separate board members. Thompson Deposition at 26.

In short, New Start has no nexus to the facts and circumstances presented in this case and none of the six (6) depositions taken in this case ever suggested that New Start Development LLC had any responsibilities vis-à-vis Plaintiff Sana Mahboob.

Accordingly, there is no metric under which liability can attach to them on the facts of this case and they should be dismissed.

## CONCLUSION

Based upon all of the foregoing and for all the reasons set forth above the Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure

should be granted in its entirety along with such other and further relief as the Court deems just,

proper, and equitable.

Respectfully submitted,

Thomas M. DeSimone (0756)