UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANA MAHBOOB,

              Plaintiff,

    v.                                         **DECISION & ORDER**
                                               21-CV-6418 (WFK) (JRC)

FOOD FIRST FAMILY PROJECT, INC., and
NEW START DEVELOPMENT LLC,

              Defendants.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court are Plaintiff's motions *in limine*. ECF No. 61. For the reasons set forth below, Plaintiff's motions are **GRANTED**.

## BACKGROUND

Plaintiff Sana Mahboob brings this action against Defendants Food First Family Project, Inc., and New Start Development LLC. Before the Court are Plaintiff's motions *in limine* to preclude certain evidence at trial. For the reasons set forth below, the Court **GRANTS** Plaintiff's motions.

## LEGAL STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Gorbea v. Verizon New York, Inc.*, 11-CV-3758, 2014 WL 2916964, at *1 (E.D.N.Y. June 25, 2014) (Matsumoto, J.). District courts should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (Leisure, J.)) (internal quotation marks omitted).

1

Courts may exclude evidence if its probative value is "substantially outweighed" by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ANALYSIS

**I.    The Court Precludes Defendants from Arguing Plaintiff's Benefits Should Reduce Her Award.**

Having received unemployment benefits from the State of New York, Plaintiff now asks the Court "to preclude Defendants from arguing that [her] unemployment benefits are an offset to backpay." Pl.'s Mot. *in Limine* at 1 ("Mot. *in Limine*"), ECF No. 61. As support, Plaintiff cites the collateral source rule, which "permits a plaintiff to recover damages from a tortfeasor though the plaintiff has already received compensation for its injuries from a third-party and even when such an award would lead to double recovery." *In re State Street Bank and Trust Co. Erisa Litig.*, 579 F. Supp. 2d 512, 517 (S.D.N.Y. 2008) (Holwell, J.). "Because of this rule, evidence as to Plaintiff's receipt of . . . benefits from independent sources . . . would be irrelevant to the issue of Plaintiff's damages." *Lupia v. N.J. Transit Rail Operations, Inc.*, 21-CV-11077, 2023 WL 2387100, at *3 (S.D.N.Y. Mar. 7, 2023) (Liman, J.); *see also Cunningham v. Rederiet Vindeggen A/S*, 333 F.2d 308, 316 (2d Cir. 1964) ("According to this doctrine, which is an established exception to the general rule that damages in a negligence action must be compensatory, a wrongdoer is not permitted to reduce a plaintiff's recovery because of benefits which the latter may have received from another source."); *but see Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 255–56 (E.D.N.Y. 2014) (Brodie, J.) ("[W]here the payment of unemployment benefits is not from a 'collateral' source such as a state-run unemployment insurance fund, but instead is paid directly (or 'effectively') by the employer itself, several courts have declined to apply the collateral source rule.").

2

Here, Plaintiff "received unemployment benefits from the State of New York," not from her employer itself. Mot. *in Limine* at 2. The Court therefore grants Plaintiff's motion to preclude Defendants from introducing evidence of Plaintiff's unemployment benefits on the grounds such evidence would be unduly prejudicial and would violate the collateral source rule. For these reasons, the Court precludes Defendants from introducing evidence of Plaintiff's unemployment benefits.

## II. The Court Excludes the EEOC's Findings.

In the parties' joint pretrial order, Defendants assert the following defense: "[T]he U.S. Equal [Employment] Opportunity Commission made the determination that Plaintiff's claims were not sufficient to warrant any further processing of the charges . . . and accordingly closed its investigation without taking any further action or finding any wrongdoing on the part of Defendant Food First Family Project, Inc." Joint Pretrial Order at 5, ECF No. 57. This defense is belied by the Notice of Right to Sue dated August 20, 2021, which the EEOC issued to Plaintiff because "more than 180 days have passed since the filing of this charge"—*not* because the EEOC determined Defendants were blameless. *See* Notice of Right to Sue, ECF No. 11-1. Plaintiff thus asks the Court to "exclude the EEOC's findings and prohibit Defendants from arguing to the jury that such findings were on the merits." Mot. *in Limine* at 2.

"Generally speaking, EEOC determinations are sufficiently reliable to be admissible under the public records hearsay exception of Fed. R. Evid. 803(8)(C)." *Dodson v. CBS Broadcasting Inc.*, 423 F. Supp. 2d 331, 334 (S.D.N.Y. 2006) (Holwell, J.) (internal citation and quotation marks omitted). "Such documents are properly excluded, however, where the evidence's probative value is substantially outweighed by the danger of unfair prejudice." *Id.* The Notice of Right to Sue provided to the Court has no probative value: it contains no factual findings or conclusions of law. It was issued on Plaintiff's request (and terminated the EEOC's

3

investigation) because more than 180 days had passed since she filed the charge. Mot. *in Limine* at 2; *see also* EEOC, https://www.eeoc.gov/filing-lawsuit (last visited Oct. 22, 2025) ("If you want to file a lawsuit before we have finished our investigation, you can request a Notice of Right to Sue . . . [a]fter 180 days have passed from the date your charge was filed. If you want the EEOC to continue investigating your charge, don't request a Notice of Right to Sue."). Furthermore, the danger of prejudice and confusion of the issues is great because: (1) the EEOC has not made findings on the merits of Plaintiff's claims; and (2) substantial evidence that was not presented to the EEOC will be presented at trial. *See Paolitto v. John Brown E&C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998) ("We believe that the district court is in the best position to consider . . . the likelihood that the trial will deteriorate into a protracted and unproductive struggle over how the evidence admitted at trial compared to the evidence considered by the agency."). Accordingly, the Court grants Plaintiff's motion to exclude the EEOC's purported findings and to prohibit Defendants from arguing these purported findings were on the merits.

SO ORDERED.

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2025
      Brooklyn, New York

4